[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2012
JOHN LEY
CLERK

No. 11-15073
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cv-01934-GAP-GJK


JOSUE SALAZAR,

Plaintiff - Appellee,

versus

CITY OF PALM BAY, et al.,

Defendants,

FRANK WALTERS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 16, 2012)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Officer Frank Walters of the City of Palm Bay Police Department appeals the denial of qualified immunity against Josue Salazar's complaint of false arrest. 42 U.S.C. § 1983. The district court ruled that genuine issues of material fact barred summary judgment. We affirm.

Salazar complained that Walters lacked probable cause to arrest him for delivering drug paraphernalia. Salazar alleged that Walters arrested him after Walters observed various liquid fertilizers in the open bed of Salazar's truck. Walters moved for summary judgment on the ground that he had observed in the bed of Salazar's truck "equipment" and brands of fertilizers, like "Sensi Grow" and Sensizym," used commonly to cultivate marijuana.

The district court did not err when it ruled that Walters was not entitled to summary judgment based on qualified immunity. To be guilty of delivering drug paraphernalia, a person must "deliver [or] possess with intent to deliver . . . drug paraphernalia, knowing, or under circumstances where [he] reasonably should know, that it will be used . . .[t]o plant, propagate, cultivate, grow, harvest, manufacture, . . . produce, process, prepare, . . . or conceal a controlled substance." Fla. Stat. § 893.147(2)(a). The record reveals genuine issues of material fact about

whether Walters had arguable probable cause to arrest Salazar for transporting fertilizer — an otherwise legal substance — for an illegal purpose. In a supplemental report about the arrest, Walters stated that he had observed in the bed of Salazar's truck "several gallons of liquid chemicals, boxes of powder chemicals, and electronic devices" that were "known to [him] through [his] training and experience as items typically used for illegal hydroponic marijuana cultivation operations." One of Salazar's passengers, Roberto Marquez, testified that he had observed "a couple [of] boxes" of fertilizer in the bed of truck and "some of them had said right on the box" what they contained. Salazar testified that the bed of his truck contained only "bottles and bottles" of liquid fertilizer. If we accept Salazar's testimony as true, which we must, at this stage, a reasonable jury could find that Walters violated Salazar's right under the Fourth Amendment not to be arrested without probable cause.

The denial of Walters's motion for summary judgment based on qualified immunity is **AFFIRMED**.